122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alex BAAH, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES of the California State University,
Defendant-Appellee.
 No. 96-56409.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Deicded Sept. 3, 1997.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alex Baah appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his complaint with prejudice in Baah's Title VI action, 42 U.S.C. § 2000d, alleging racial discrimination stemming from defendant's denial of Baah's application for post-baccalaureate study at San Diego State University. The district court found that Baah's action was barred by res judicata. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see International Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare & Training Trust Funds v, Karr, 994 F.2d 1426, 1429 (9th Cir.1993), and we affirm for the reasons stated in the district court's order entered on September 5, 1996.[1]
 
 
 3
 We reject Baah's contention that defendant defaulted by failing to file an answer pursuant to Fed.R.Civ.P. 12(a). We conclude that there was no default, because defendant filed a motion to dismiss before Baah served defendant with the summons and a copy of his complaint. See Fed.R.Civ.P. 55(a) & 12(b).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without: oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that Baah's federal complaint fails to state a claim for an additional reason. The record establishes that Baah's claims accrued in 1991, but he did not file his federal complaint until April 22, 1996, more than four years after the applicable limitation period expired. See Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir.1993) (per curiam); see also Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996) (stating that a federal claim accrues when plaintiff knows or has reason to know of the injury that gives rise to the underlying cause of action). Thus, Baah's federal action is time-barred